**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

TRAVIS CRABB,                                                                                              PLAINTIFF
ADC #650787

v.                                            4:15cv00004-SWW-JTK

SOUTHERN HEALTH PARTNERS, et al.                                               DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    Introduction**

Plaintiff Crabb is a state inmate incarcerated at the Wrightsville Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care and treatment while incarcerated at the Saline County Jail in December, 2014. He asks for compensation for pain and suffering.

This matter is before the Court on the Motion for Summary Judgment filed by Defendant Tiffany Eichler, Nurse at the Jail (Doc. No. 20).[1] By Order dated August 14, 2015, this Court directed Plaintiff to file a Response to the Motion within fifteen days of the date of the Order (Doc. No. 23). The Court further advised the Plaintiff that failure to respond to the Court's Order would result in all of the facts set forth in Defendant's Motion and Brief being deemed admitted by Plaintiff pursuant to Local Rule 56.1(c), or in the dismissal without prejudice of his Complaint, pursuant to

---

[1] Defendant Southern Health Partners was dismissed on April 9, 2015 (Doc. No. 19). Plaintiff has not identified or obtained service on any Defendants originally identified in his Complaint as "Does."

Local Rule 5.5(c)(2).[2]  As of this date, Plaintiff has not filed a Response to the Motion, and has not otherwise corresponded with the Court.

**II.     Complaint**

Plaintiff Crabb alleged in his Complaint that he has bladder cancer and was denied medical treatment while incarcerated at the Saline County Jail (Doc. No. 2, p. 4) He stated he was seen by the medical staff but was denied treatment by medical staff and head nurse Defendant Eichler. (Id.)

**III.    Summary Judgment Motion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot

---

[2]Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:
> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "all material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

    A.    **Undisputed Facts**

According to the facts set forth by Defendant Eichler in her Affidavit, Plaintiff Crabb arrived at the Jail on December 1, 2014, pending his transfer to the ADC. (Doc. No. 21-1, p. 1) Upon his arrival, he reported no medical problems, but filed medical requests on December 13, 2014, and December 14, 2014, complaining about left kidney pain, bladder spasms, and blood in his urine. (Id.) He was seen by an Advanced Nurse Practitioner (ANP) on December 16, 2014, and a urine sample which was collected for urinalysis, tested negative for blood. (Id., p. 2) Plaintiff Crabb told the ANP that he had a history of bladder cancer, and the ANP told him his medical records would be ordered. (Id.) A second uranalysis taken on December 23, 2014, also was negative for the presence of blood, and an order was written for Plaintiff to be scheduled for a urology consultation. (Id.) Believing that the most expeditious way of getting Plaintiff's consultation was to fast-track

him to the ADC for treatment and consultation, Defendant Eichler called the ADC on December 26, 2015, December 29, 2014, and December 30, 2014. (Id.) Plaintiff was transferred to the ADC on January 9, 2015. (Id.; see also medical records at pp. 5-10)

Based on these undisputed facts, Defendant Eichler states that Plaintiff cannot show that she acted with deliberate indifference to his serious medical needs at any time during his stay at the Saline County Jail. The records show that Plaintiff was seen by a medical representative on December 16, 2014, which was three days after he first filed a sick call request. (Doc. No. 21-1, p. 8) In addition, his medical records were ordered and a urology consult was ordered. Plaintiff provides no evidence that Defendant Eichler refused to treat him or took any actions which were deliberately indifferent to his need for medical treatment.

B. Analysis

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendant was deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course

of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

In this case, absent any dispute from Plaintiff to the contrary, the Court finds as a matter of law that he does not allege any facts against Defendant to support a finding of deliberate indifference to his serious medical needs. He does not allege that Defendant Eichler refused to treat him, and the Jail medical records show that he was seen by medical personnel on two occasions in December, 2014. He also presents no facts to dispute Defendant's statements that she attempted to fast-track his transfer to the ADC to facilitate faster medical treatment. Finally, he presents no evidence to show that any delay in his treatment caused a detrimental effect to his health.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1) Defendant Eichler's Motion for Summary Judgment (Doc. No. 20) be GRANTED.

2) Plaintiff's allegations against Defendant Eichler be DISMISSED with prejudice.

3) Plaintiff's allegations against the unidentified Does be DISMISSED without prejudice for failure to serve.

IT IS SO RECOMMENDED this 3rd day of September, 2015.

                                                                                                 _____
                                                                                                 JEROME T. KEARNEY
                                                                                                 UNITED STATES MAGISTRATE JUDGE